NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: July 5, 2023

S23Y0922.  IN THE MATTER OF RICHARD H. MIDDLETON, JR.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary surrender of license filed by Richard H. Middleton, Jr., (State Bar No. 504912) before the issuance of a formal complaint. See Bar Rule 4-227 (b) (2).  In this petition, Middleton admits that in connection with a single client matter he violated Rules 1.15 (I) (c) and 1.15 (II) (b) of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d).  The maximum sanction for a violation of both of these rules is disbarment.

Middleton, who has been a member of the State Bar since 1977, admits the following facts.  Middleton was associated as co-counsel by an attorney licensed in South Carolina to represent a client who was injured in an automobile collision in the Savannah, Georgia

area in November 2016. Middleton filed a lawsuit on behalf of the client in the Chatham County State Court in November 2018. Middleton then settled the lawsuit with the primary insurance carrier for the policy limit of $100,000 in May 2020. The settlement funds were placed in Middleton's IOLTA account at his bank pending the resolution of the client's South Carolina workers' compensation case, in which she was being represented by the South Carolina attorney. In March 2021, the South Carolina attorney resolved the workers' compensation case when the carrier agreed to a lien waiver and, on that same day, notified Middleton that the workers' compensation matter was resolved and that the settlement proceeds from the collision case could be disbursed. However, Middleton refused to disburse the settlement funds to the client or the South Carolina attorney despite numerous requests being made. Middleton admits that sufficient funds were not available in his IOLTA account, because he incrementally withdrew the settlement proceeds for his personal use after the settlement proceeds were deposited into his IOLTA account.

Based on these admissions, Middleton states that he violated Rule 1.15 (I) (c), by failing to promptly deliver the settlement proceeds to the South Carolina attorney and the client, but asserts that he has since fully reimbursed both parties. In addition, he states that he violated Rule 1.15 (II) (b), by failing to withdraw only earned fees, and, instead, incrementally withdrawing client funds from his IOLTA account for his personal use over a considerable period of time without providing an accounting.

Given the admissions of fact and conduct described herein, Middleton requests the Court accept this petition for voluntary surrender of his license. See *In the Matter of Bunch*, 314 Ga. 423, 425 (877 SE2d 274) (2022) (accepting petition for voluntary surrender of license based on Special Master's recommendation for attorney who violated, among other rules, Rules 1.15 (I) (c) and 1.15 (II) (b), by failing to safeguard client's settlement funds and administer client funds from a trust account); *In the Matter of Dabney-Froe*, 302 Ga. 746, 746-747 (808 SE2d 649) (2017) (accepting petition for voluntary surrender of license where attorney failed to

promptly disburse funds or provide accounting of funds in violation of Rule 1.15 (I)).   The State Bar has responded to the petition and recommends that the Court accept the petition based on Middleton's admissions.

We have reviewed the record and agree to accept Middleton's petition for voluntary surrender of his license, which is tantamount to disbarment.  See GRPC 1.0 (s).  Accordingly, it is ordered that the name of Richard H. Middleton, Jr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Middleton is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted.   All the Justices concur.*